# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### AT NASHVILLE

SUNTRUST BANK,                              )
                                            )
      **Plaintiff,**                  )
                                            )
v.                                          )    **CASE NO. 3:12-cv-00197**
                                            )    **JUDGE TRAUGER**
BROKER HEADQUARTERS GROUP, INC.             )
and JOY LAMBERSON MCNAUGHTEN,               )
                                            )
      **Defendants.**                 )

## INITIAL CASE MANAGEMENT ORDER

**1.**    **Jurisdiction and Venue:**

Jurisdiction to adjudicate this matter is vested in this Court pursuant to 28 U.S.C. § 1332. SunTrust, Broker Headquarters, and Ms. McNaughten are citizens of different states, and the amount in controversy exceeds the amount of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(1) and/or (2). Ms. McNaughton resides within this judicial district, and a substantial part of the events or omissions giving rise to this lawsuit occurred within this judicial district.

**2.**    **Plaintiff's Theory of the Case:**

SunTrust made certain financial accommodations to Ms. McNaughten, as evidenced by the Note and guaranteed by Broker Headquarters. The Note and Guaranty obligate Ms. McNaughten and Broker Headquarters to pay any and all fees, costs, and expenses,

including, without limitation, reasonable attorney fees, incurred and to be incurred to collect the indebtedness due under the Note. As of February 10, 2012, Ms. McNaughten was justly indebted to SunTrust under the Note in the principal amount of $145,477.07 plus interest thereon. The Note is payable on demand, and it is in default for failing to maintain a zero balance outstanding for at least one 30 consecutive day period for each twelve-month or 364-day period that the Line of Credit is available. Demand was made, but Ms. McNaughten did not make payment as required under the Note and Broker Headquarters did not make payment as required under the Guaranty. Ms. McNaughten and Broker Headquarters are jointly and severally obligated to pay to SunTrust the balance of the Note, including interest through the date of entry of judgment, plus fees, costs, expenses, including attorney fees, incurred and to be incurred to enforce the Guaranty and collect the Indebtedness.

3.      **Defendant's Theory of the Case:**

SunTrust made certain financial accommodations to Ms. McNaughten, as evidenced by the Note and guaranteed by Broker Headquarters. Defendants lack sufficient knowledge as to the exact amount owed by Defendants to SunTrust and thereby denies same and demands strict proof thereof. Defendants also lack sufficient knowledge as to whether the Line of Credit has maintained a zero balance outstanding for at least one 30 consecutive day period for each twelve-month or 364-day period that the Line of Credit is available thereby denies same and demands strict proof thereof.

Defendants deny that Ms. McNaughten has breached the terms of the Note by failing to pay her obligations to SunTrust, that SunTrust has fully performed its obligations under the Note, and that SunTrust has been damaged by Ms. McNaughten's alleged breach. Defendants further deny that Broker Headquarters has failed to honor its obligations under the Guaranty, that Broker

Headquarters is liable for the amounts outstanding under the Note, plus attorney fees, court costs, and expenses incurred and to be incurred to enforce the Guaranty and collect the outstanding Indebtedness, and that SunTrust is entitled to recover from Broker Headquarters an amount to be proven at trial.

**4.      Identification of the issues:**

This is a breach of contract action for Ms. McNaughten's failure to make payments under the Note and Broker Headquarters's failure to make payments under the Guaranty. There is no dispute over the terms and conditions of the contract; only amounts currently due and owing thereunder.

**5.      Need for other claims or special issues under Rules 13-15, 17-21, and Rule 23 of the Federal Rules of Civil Procedure:**

The parties do not anticipate any counter-claims, cross-claims, third-party claims, or joinder of other parties or claims, or class action certification, or the need for resolution of any issues arising under the above-cited rules.

**6.  Witnesses, if known, subject to supplementation by each party.**

The parties have not disclosed any witnesses at this time. Initial disclosures shall be made in accordance with Section 7 of this Order. SunTrust shall identify and disclose all expert witnesses and expert reports on or before **September 4, 2012**.  Defendants shall identify and disclose all expert witnesses and expert reports on or before **October 1, 2012**. Discovery relating to experts shall be completed by **November 15, 2012**.

**7.  Initial Disclosures and Staging of Discovery:**

The parties shall make their Rule 26(a)(1)(A) through (E) disclosures within (30) days from the date of the initial case management conference. The parties shall complete all written

discovery, except for requests to admit, and depose all fact witnesses on or before **November 15, 2012**. Discovery-related motions are due on or before **November 22, 2012**. Requests to admit shall be served no later than ninety (90) days before trial. Discovery is not stayed during dispositive motions, unless ordered by the court. Prior to filing any discovery-related motion the parties will schedule and conduct a telephone conference with the Judge.

8. **Dispositive motions:**

The parties shall file all dispositive motions on or before **December 14, 2012**. Responses to dispositive motions shall be filed within twenty-eight (28) days after the filing of the motion. Optional replies may be filed within fourteen (14) days after the filing of the response. The motion and response memoranda are limited to twenty-five (25) pages and the reply, if a reply is filed, is limited to five (5) pages, absent Court permission for longer pleading.

9. **Other deadlines:**

The parties shall file all Motions to Amend on or before **October 15, 2012**.

10. **Joint mediation report:**

The parties shall file a Joint Mediation Report on or before **November 1, 2012**.

It is so **ORDERED**.

---

**Aleta A. Trauger**
**United States District Court Judge**

APPROVED FOR ENTRY:


s/ Allison A. Wiemer
Allison A. Wiemer (BPR# 27623)
Stites & Harbison, PLLC (Nashville)
SunTrust Plaza
401 Commerce Street, Suite 800
Nashville, TN 37219
(615) 782-2329 (615) 742-0732 (fax)
awiemer@stites.com
*Attorneys for Plaintiff*


/s/ Robert G. Wheeler , Jr.
Robert G. Wheeler , Jr.
Law Office of Robert G. Wheeler, Jr.
P O Box 110971
Nashville, TN 37222
(615) 834-0071
Email: rob@rwheelerlaw.com
*Attorney for Defendants*